UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE M. LOCKETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-319-JD-MGG |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Jermaine M. Lockett, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, the court notes that less than one month before he initiated this lawsuit, Lockett filed a separate lawsuit based on the same series of events. *See Lockett v. Ron Neal*, cause no. 3:21-CV-268 (N.D. Ind. filed April 15, 2021) at ECF 1. Some of the defendants and claims overlap, but some are new to this case. Since then, he has filed numerous documents in each case and has actively litigated in both. For example, shortly after the court issued a filing fee deficiency order in this case (ECF 2), Lockett

responded by acknowledging he "submitted these two complaint[s] cause # 3:21-CV-268-JD-MGG and cause no. 3:21-CV-319-JD-MGG . . .." ECF 3 at 1. Some of his filings have included both cause numbers, some have only included one cause number. While it is not clear why Lockett filed two cases, it is clear he is aware he did so. In any event, he may not proceed on the same claims in two separate lawsuits because to do so would be duplicative.[1] Thus, to the extent the claims are substantively identical and have already been dismissed in the previous suit, the court will briefly mention but not analyze them in detail here. That said, because the facts overlap, they will be set forth in full.

According to Lockett, on February 15, 2021, RN S. Webster (Nurse Webster) "performed a[n] unauthorized medical procedure using two doses of nasal Narcan" on him. ECF 1 at 4. Lockett alleges Capt. M. Itodo wrote up an incident report about the events that occurred but never filed an official conduct report. Lockett claims the report was fabricated because he does not do drugs.[2]

On March 15, 2021, Lockett was reclassified and transferred to a drug unit, which resulted in the termination of his prison job. He appealed the reclassification and

---

[1] *See also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (a suit can be "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process). In other words, whatever is litigated here cannot be duplicative of what he attempted to litigate in cause number 3:21-CV-268-JD-MGG.

[2] In a later filed-document, Lockett attached an incident report form that states, "On 2/15/2021 at approx. 5:15am, RN. S. Webster called the shift supervisors office from MSU and spoke with me (Capt. M. Itodo) stating that Offender Lockett Jermaine DOC 942341 residing in CW 232 walked over to MSU confused, slurred speech, and appeared to be under the influence of unknow[n] substance from the PDR asking to speak with Capt. Itodo. At MSU, he was assessed by RN S. Webster and given 2 doses of nasal Narcan. He was then placed in a holding cell on observation. He will receive a conduct report for being under the influence." ECF 13-1.

grieved the issue but did not receive a response to his satisfaction. He states he "asked Maj. Wardlow, the Warden I've wrote everyone concerning a due process hearing and been denied Prison Right[s]" due to the lack of a hearing. *Id*.[3]

Lockett alleges his court documents, personal hygiene items, beard trimmers and food were lost during the move. He claims Sgt. Weldon, who is not named as a defendant in this lawsuit,[4] blamed the loss on a different officer who wasn't even on the unit the day of the move. On April 6, 2021, some legal documents that belonged to him were found in the property room, but Lockett refused the bag because "it should of (sic) went with me to my room cell 526 B North," and he didn't know whether all the documents were there because "it was other property in that same bind[er] at the same time that was missing." *Id.* at 6. Lockett alleges the court documents were important because he was unlawfully convicted and is "still fighting" to overturn that conviction. *Id*. He states he is "currently communicating with Judge Philip P. Simon concerning my conviction praying that he will consider my appeal in his court. The document that [is] missing I need to present my habeas corpus properly to him." *Id.* at 9.[5] Lockett has sued

---

[3] He also alleges he contacted the Warden and Major Wardlow about the "unlawful medical procedure." ECF 1 at 6.

[4] She was, however, named as a defendant in the earlier lawsuit. *See Lockett v. Ron Neal*, cause no. 3:21-CV-268 (N.D. Ind. filed April 15, 2021) at ECF 1.

[5] Lockett further states he was arrested by the same officer as the one described in "United States of America v. Darrell F. Jackson United States District Court for the Northern District of Indiana Fort Wayne Division, 2006 U.S. Dist. Lexis 33795, Case No. 1:05-CR-67, May 25, 2006, decided. May 25, 2006, filed." ECF 1 at 10.

Warden Ron Neal, Nurse Webster, Capt. Itodo, and Major Wardlow for the "maximum limit of this lawsuit filed on this form." *Id*. at 7.[6]

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. However, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As explained in detail in the order dismissing these claims from the earlier lawsuit, Lockett does not have any valid due process rights related to the loss of his job, the transfer to the drug unit, or the lack of a related disciplinary hearing. *See Lockett v. Ron Neal*, cause no. 3:21-CV-268 (N.D. Ind. filed April 15, 2021) at ECF 26 at 3–5.

Lockett also alleges his property and legal materials were either misplaced or stolen, presumably by Sgt. Weldon who is not named as a defendant in this case. The claims regarding the alleged loss of property were analyzed and dismissed in the earlier case. *See Lockett v. Ron Neal*, cause no. 3:21-CV-268 (N.D. Ind. filed April 15, 2021) at ECF 26 at 5. To the extent Lockett is now attempting to bring a First Amendment access to the courts claim in this case, he fares no better. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The

---

[6] Both Warden Neal and Capt. Itodo were named as defendants in the earlier lawsuit. *See Lockett v. Ron Neal*, cause no. 3:21-CV-268 (N.D. Ind. filed April 15, 2021) at ECF 1.

4

right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, a plaintiff must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Here, Lockett indicates he was communicating with Judge Simon regarding his habeas corpus petition related to his 2011 criminal conviction at the time he filed this lawsuit, and he also references an unrelated criminal case *United States v. Jackson*, cause

5

no. 1:05-cr-67 (N.D. Ind. filed Nov. 16, 2005). A review of the docket involving the habeas petition that was pending before Judge Simon shows it was denied on February 22, 2018.[7] *See Lockett v. Warden*, cause no. 3:16-CV-630-PPS-JEM (N.D. Ind. filed Nov. 20, 2016) at ECF 57. Judge Simon denied the petition as untimely, noting that all but one of Lockett's claims were procedurally defaulted and that the non-defaulted claim was without merit. *See id*. In the dismissal order, Judge Simon referred to the unrelated criminal case noted above, stating:

> Let's pause here to try and explain Mr. Lockett's reference to the unrelated case of *United States v. Jackson*. It appears as though Lockett has cited to *Jackson* because it involved the suppression of evidence gathered by Fort Wayne Officer Douglas Weaver, the same officer who arrested Lockett. ECF 1 at 26-28. However, that case has no significance to the timeliness or merits of Lockett's petition. Indeed, the charges against Jackson arose from a July 23, 2005 search. *United States v. Jackson*, Case No. 1:05-cr-67 (N.D. Ind. filed Nov. 16, 2005); ECF 28. Officer Weaver searched and arrested Lockett based on events in 2010.

*See id*. at ECF 57 at 7. Lockett appealed Judge Simon's dismissal order, but the Seventh Circuit denied his request for a certificate of appealability, finding there was no substantial showing of the denial of a constitutional right. *See id*. at ECF 71. In April of 2021, Lockett sent Judge Simon a letter asking him to reopen the habeas corpus case. *See id*. at ECF 74. Judge Simon denied the requested relief, noting that "Lockett has not been authorized by the Seventh Circuit to file a successive habeas corpus petition, therefore I could not consider the merits of his claims because the law does not give me jurisdiction

---

[7] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

to do so." *See id*. at ECF 75 at 1. Accordingly, because Lockett has not identified a potentially meritorious legal claim that is being thwarted by the alleged loss of his legal documents, he has not stated a claim. *See Johnson*, 338 F.3d at 772 (The hindrance of a frivolous claim "does not result in actual injury and thus cannot give rise to [a] claim for denial of access to the courts.") (citation omitted); *see also Morris v. Dickman*, 791 Fed. Appx. 607, 610–11 (7th Cir. 2019) (prisoner sued a clerk of court and state officials for allegedly causing his petitions for writs of mandamus to fail, but the court found dismissal was appropriate because the errors did not "prevent him from litigating his claims in court" and because his complaint did not sufficiently allege the filings at issue presented a "potentially meritorious challenge").[8]

Lockett also claims he was subjected to an unwarranted medical procedure by Nurse Webster.[9] Inmates possess a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id*. "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the

---

[8] The court notes Lockett filed another petition for writ of habeas corpus related to his 2011 criminal conviction on April 28, 2021. *See Lockett v. Warden*, cause no. 3:21-CV-296-DRL-MGG (N.D. Ind. filed Apr. 28, 2021) at ECF 1. Judge Leichty dismissed the case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A) on May 13, 2021. *See id*. at ECF 3.

[9] The court dismissed the claims against Warden Neal and Capt. Itodo related to the attempted administration of Narcan in the earlier lawsuit. *See Lockett v. Ron Neal*, cause no. 3:21-CV-268 (N.D. Ind. filed April 15, 2021) at ECF 26 at 6–7.

7

conscience.'" *Id*. (citation omitted). Moreover, a prisoner's right to refuse medical treatment can be overridden by "a prison regulation that is reasonably related to legitimate penological interests." *Id*. at 343; *see also Russell v. Richards*, 384 F.3d 444, 447-50 (7th Cir. 2004) (concluding inmate's liberty interest in refusing unwanted medical treatment of delousing shampoo was overridden by jail policy designed to address legitimate interest in avoiding outbreaks of lice). "[I]f legitimate penological interests dictate that a particular treatment must be administered even if the prisoner would have refused it, then . . . there is no constitutional right to refuse treatment." *Knight*, 942 F.3d. at 343 (quoting *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006)).

Here, Lockett claims Nurse Webster performed an unauthorized medical procedure by "using" two doses of nasal Narcan even though he resisted and had not ingested any drugs. Normally, such an assertion would lead to the inference that the Narcan had entered Lockett's system, lending plausibility to a Fourteenth Amendment claim related to forced medical treatment. However, in the earlier filed case regarding these same events, Lockett explicitly stated Nurse Webster "tried to put something up [his] nose," but he resisted so—even though an unnamed officer held him down— Narcan "never reached [his] body." *See Lockett v. Neal*, cause no. 3:21-CV-268-JD-MGG (N.D. Ind. filed Apr. 15, 2021) at ECF 1 at 3. These allegations are consistent with a later-filed document in this case entitled "Motion for Merits of Discovery and Remedies of Law," wherein he noted "Nurse Webster *tried* to put two doses of this opioid overdose nasal Narcan in plaintiff['s] body. Plaintiff fought back cause plaintiff thought his life was endanger[ed]." ECF 8 at 2 (emphasis added). Accordingly, because Lockett

8

previously declared—under penalty of perjury—that the Narcan never entered his body (*see Lockett v. Neal*, cause no. 3:21-CV-268-JD-MGG (N.D. Ind. filed Apr. 15, 2021) at ECF 1 at 3, 6), the claim here against Nurse Webster fails as well because the attempt to forcibly treat him was ultimately unsuccessful. In other words, his due process rights were not violated because he has not plausibly alleged he was subjected to an unwarranted medical procedure. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) (plaintiff can plead himself out of court if he pleads facts that preclude relief); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (same). Thus, the complaint fails to state a claim related to the attempted administration of Narcan.

Finally, Lockett has sued Warden Neal and Major Wardlow because they were allegedly informed about the lack of a conduct report/hearing and the attempted administration of the Narcan. He states Major Wardlow followed Warden Neal's direction and never responded to his complaints. However, he later alleges he filed several grievances about the matter and *did* receive a response from an administrative assistant named Mark Newkirk, who is not a defendant in this case.[10]

As an initial—and ultimately dispositive—matter, for the reasons outlined above, Lockett has not alleged any valid constitutional violations related to the events described, so the fact that he allegedly informed Warden Neal and Major Wardlow of his issues does not state a claim. Moreover, the "view that everyone who knows about a

---

[10] Lockett states, "The second one was respond[ed] to my Mark Newkirk, stating the cause and fact and why haven't I had the opportunity to go to screening hearing to be able to challenge this unlawful medical procedure at screening." ECF 1 at 5.

9

prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not [resolve the problem]. That can't be right." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The allegations against Warden Neal and Major Wardlow do not state a claim.

In sum, this complaint does not state a claim for relief against any of the defendants. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on April 6, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

10